IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| SKYHAWKE TECHNOLOGIES, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 3:10CV708-TSL-MTP ) |
| DECA INTERNATIONAL CORP., and DECA SYSTEM INC., | ) ) ) |
| Defendants. | ) **DEMAND FOR JURY TRIAL** ) ) |

## SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff SkyHawke Technologies, LLC ("SkyHawke"), by its undersigned attorneys, brings this second amended complaint for patent infringement against Defendants DECA International Corp. and DECA System Inc. (collectively "Defendants"), and in support thereof, alleges as follows:

## PARTIES

1. Plaintiff SkyHawke is a Mississippi Limited Liability Company having a principal place of business at Ridgeland Technology Center, 274 Commerce Park Drive, Suite M, Ridgeland, MS  39157.

2. Defendant DECA International Corp. ("DECA International") is a California corporation, having a principal place of business at 20 Centerpointe Drive, Suite 140, La Palma, California, 90623.

3. Upon information and belief, Defendant DECA System Inc. ("DECA System) is a company organized under the laws of Korea, having a principal place of business at A-2410, Poonglim I-Want Plus, 255-1 Seohyeon-dong, Bundang-gu, Seongnam-si, Gyeonggi-do, 463-824 Korea 82031-7837393.

**BACKGROUND**

4. SkyHawke owns by assignment all rights, title and interest in and to United States Patent No. 6,456,938 (the "'938 patent") entitled "PERSONAL DGPS GOLF COURSE CARTOGRAPHER, NAVIGATOR AND INTERNET WEB SITE WITH MAP EXCHANGE AND TUTOR." The '938 patent was duly and legally issued by the United States Patent and Trademark Office on September 24, 2002. A true and correct copy of the '938 patent is attached hereto as Exhibit A.

5. SkyHawke owns by assignment all rights, title and interest in and to United States Patent No. 7,118,498 (the "'498 patent") entitled "PERSONAL GOLFING ASSISTANT AND METHOD AND SYSTEM FOR GRAPHICALLY DISPLAYING GOLF RELATED INFORMATION AND FOR COLLECTION, PROCESSING AND DISTRIBUTION OF GOLF RELATED DATA." The '498 patent was duly and legally issued by the United States Patent and Trademark Office on October 10, 2006. A true and correct copy of the '498 patent is attached hereto as Exhibit B.

**JURISDICTION AND VENUE**

6. This action arises under the federal patent laws, 35 U.S.C. §§ 101 *et seq*.

7. This Court has subject matter jurisdiction over this action based on 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over each Defendant because, on information and belief, Defendants have made, caused to be made, imported, caused to be imported, used, caused to be used, offered to sell, sold, and/or caused to be sold products and/or systems (including but not limited to, the GolfBuddy World Platinum Device) in the State of Mississippi

or elsewhere in the United States, which have infringed, induced infringement of, and/or contributed to infringing the '938 and '498 patents.

9. Venue is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400.

## COUNT I
### (For Infringement of United States Patent No. 6,456,938)

10. SkyHawke incorporates paragraphs 1-9 by reference as if set forth here in full.

11. On information and belief, Defendant DECA International has been and is now making, using, selling, and/or offering for sale, within the United States, GPS devices for use on golf courses, and systems relating thereto, which infringe one or more claims of the '938 patent.

12. On information and belief, Defendant DECA System has been and is now making, using, selling, and/or offering for sale, GPS devices for use on golf courses sold within the United States, and making and/or using within the United States, a system for GPS devices for use on golf courses, which infringes one or more claims of the '938 patent.

13. On information and belief, Defendant DECA International has infringed, and continues to infringe, either literally or under the doctrine of equivalents, one or more claims of the '938 patent by making, using, selling, or offering for sale, within the United States, GPS devices for use on golf courses, and systems relating thereto. On information and belief, Defendant DECA International has also contributed to the infringement of the '938 patent, and/or actively induced others to infringe the '938 patent within the United States.

14. On information and belief, Defendant DECA System has infringed, and continues to infringe, either literally or under the doctrine of equivalents, one or more claims of the '938 patent through its activities within the United States related to making and/or using a system for GPS devices for use on golf courses. On information and belief, Defendant DECA System has

also contributed to the infringement of the '938 patent, and/or actively induced others to infringe the '938 patent within the United States.

15.     SkyHawke has been damaged by such infringement and will continue to be damaged by such infringement unless each Defendant is permanently enjoined from its unlawful infringement of the '938 patent by this Court.

## COUNT II
### (For Infringement of United States Patent No. 7,118,498)

16.     SkyHawke incorporates paragraphs 1-9 by reference as if set forth here in full.

17.     On information and belief, Defendant DECA International has been and is now making, using, selling, or offering for sale, within the United States, GPS devices for use on golf courses, which devices infringe one or more claims of the '498 patent.

18.     On information and belief, Defendant DECA System has been and is now making, using, selling, and/or offering for sale, GPS devices for use on golf courses sold within the United States, which devices infringe one or more claims of the '498 patent.

19.     On information and belief, Defendant DECA International has infringed, and continues to infringe, either literally or under the doctrine of equivalents, one or more claims of the '498 patent by making, using, selling, or offering for sale, within the United States, GPS devices for use on golf courses.  On information and belief, Defendant DECA International has also contributed to the infringement of the '498 patent, and/or actively induced others to infringe the '498 patent within the United States.

20.     On information and belief, Defendant DECA System has contributed to the infringement of the '498 patent, and/or actively induced others to infringe the '498 patent within the United States.

21. On information and belief, Defendants' infringement of the '498 patent is willful and deliberate. As a result, SkyHawke is entitled to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

22. SkyHawke has been damaged by such infringement and will continue to be damaged by such infringement unless each Defendant is permanently enjoined from its unlawful infringement of the '498 patent by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, SkyHawke respectfully requests:

(1) an adjudication that each of the Defendants has infringed and continues to infringe claims of the '938 patent;

(2) an adjudication that each of the Defendants has infringed and continues to infringe claims of the '498 patent;

(3) an injunction against continued infringement (35 U.S.C. § 283), enjoining each Defendant from further acts of (1) infringement, (2) contributory infringement, and (3) actively inducing infringement;

(4) an award of damages adequate to compensate SkyHawke for Defendants' infringement of the '938 patent, together with interest and costs as fixed by the Court (35 U.S.C. § 284);

(5) an award of damages adequate to compensate SkyHawke for Defendants' infringement of the '498 patent, together with interest and costs as fixed by the Court (35 U.S.C. § 284);

(6) an award of enhanced damages, up to and including trebling SkyHawke's damages pursuant to 35 U.S.C. § 284, for Defendants' willful infringement of the '498 patent;

(7) an award of SkyHawke's costs of suit and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 due to the exceptional nature of this case, or otherwise permitted by law (Fed. R. Civ. P. 54(d)); and

(8) any other relief appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff SkyHawke Technologies, LLC hereby demands a trial by jury of all issues so triable in this action.

RESPECTFULLY SUBMITTED,

November 10, 2011

/s/ Alexander B. Englehart
Thomas J. Fisher
Jordan S. Weinstein
Alexander B. Englehart
OBLON, SPIVAK, McCLELLAND,
  MAIER & NEUSTADT, L.L.P.
1940 Duke Street
Alexandria, VA 22314
(703) 413-3000
tfisher@oblon.com
jweinstein@oblon.com
aengelhart@oblon.com

W. Whitaker Rayner, MSB 4666
Kaytie M. Pickett, MSB 103202
Watkins, Ludlam Winter & Stennis, P.A.
P.O. Box 427
Jackson, MS 39205-0427
wrayner@watkinslundlam.com
kpickett@watkinslundlam.com

*Attorneys for Plaintiff SkyHawke Technologies, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing document has been served by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this, the **10th day of November, 2011**:

Eric F. Hatten
ehatten@burr.com
John M. Lassiter
jlassite@burr.com
BURR & FORMAN LLP
401 East Capitol Street, Suite 100
Jackson, Mississippi 39201

Mincheol Kim
mkim@kmob.com
Cheryl T. Burgess
cheryl.burgess@kmob.com
Darrell L. Olson
dolson@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614

                                          By:  /s/ Alexander B. Englehart_____
                                                Alexander B. Englehart
                                                Of Counsel